UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STEVEN BRODIE, JR. | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 11-1914 |
| v. | : | |
| GLOUCESTER TOWNSHIP; CINDY RAU-HATTON, | : | |
| Individually and in Her Official Capacity as Former | | |
| Mayor; DAVID MAYER, Individually and in His | : | |
| Official Capacity as Mayor; TOM CARDIS, Individually | | |
| and in His Official Capacity as Business Administrator; | : | |
| GABE BUSA, Individually and in His Official Capacity | | |
| as Former Director of Public Works; LEN MOFFA, | : | |
| Individually and in His Official Capacity as Director of | | |
| Public Works and Former Supervisor of Parks and | : | |
| Recreation; DENISE WOLF, Individually and in Her | | |
| Capacity as a member of the Human Relations | : | |
| Commission; DAVID MCMURRAY, Individually and in | | |
| His Capacity as a member of the Human Relations | : | |
| Commission; MARY DORAZO, Individually and in Her | | |
| Capacity as a member of the Human Relations | : | |
| Commission; CHERYL SPANGLE, Individually and in | | |
| Her Capacity as a member of the Human Relations | : | MEMORANDUM OPINION |
| Commission; PAULETTE RAPPA, Individually and in | | & ORDER |
| Her Capacity as a member of the Human Relations | : | |
| Commission; CRYSTAL EVANS, Individually and in | | |
| Her Capacity as a member of the Human Relations | : | |
| Commission; EUGENE LAWRENCE, Individually and | | |
| in His Capacity as a member of the Human Relations | : | |
| Commission; STEVEN HIRSCHBUL, Individually and | | |
| in His Capacity as a member of the Human Relations | : | |
| Commission; SHANNON MORTON, Individually and | | |
| in Her Capacity as a member of the Human Relations | : | |
| Commission; VIRGINIA VARRELL, Individually and in | | |
| Her Capacity as a member of the Human Relations | : | |
| Commission; SHELLEY LOVETT, Individually and in | | |
| Her Capacity as a member of the Human Relations | : | |
| Commission; HUMAN RELATIONS COMMISSION | | |
| OF GLOUCESTER TOWNSHIP; DAVID T. | : | |
| POMIANEK, Individually and in His Capacity as | | |
| Supervisor of Parks and Recreation; MICHAEL | : | |
| DORAZO, JR., Individually and in His Capacity as | | |
| Supervisor of Parks and Recreation, | : | |
| Defendants. | : | |

This matter is before the Court on motions to dismiss the Complaint filed by Defendants Gloucester Township, Cindy Rau-Hatton, David Mayer, Tom Cardis, Len Moffa, the Human Relations Commission of Gloucester Township, Denise Wolf, David McMurray, Mary Dorazo, Cheryl Spangle (deceased), Paulette Rappa, Eugene Lawrence, Steven Hirschbul, Shannon Morton, Virginia Varrell, and Shelley Lovett [26], Gabe Busa and Crystal Evans [27], and Michael Dorazo, Jr. [32], and on a motion for summary judgment filed by Defendant David T. Pomianek [45].[1]

## Background

Plaintiff Steven Brodie, Jr. filed the Complaint in this matter on April 4, 2011 pursuant to 42 U.S.C. §§ 1981 & 1983.  Plaintiff, an African-American, was employed by the Public Works Department of Gloucester Township, along with Defendants Pomianek and Dorazo, Jr., who are white.  (Compl., ¶¶ 26, 27, 29.)  Plaintiff has alleged that Pomianek and Dorazo, Jr. had a history of discriminatory conduct in their supervisory employment capacities with the Gloucester Township Public Works Department. (Compl., ¶¶ 31, 32.)  Plaintiff further alleges that no corrective action was taken regarding complaints of employment issues, because Dorazo, Jr.'s mother, Defendant Mary Dorazo, was a member of the Human Relations Commission, the department in Gloucester Township allegedly charged with reporting, investigating, and recommending disciplinary and corrective action when confronted with acts of racial discrimination.  (Compl., ¶¶ 32-35, 11.)

---

[1]The body of the Complaint asserts that Bob Tulino, a Supervisor in the Roads and Streets Department, was sued in his individual and official capacities as a policymaking authority for Gloucester Township.  He is not listed in the caption of the Complaint, and he does not appear as a Defendant on the Court's docket.

Specifically, the Complaint references a 1998 or 1999 arrest of Dorazo, Jr. after an off-duty "melee" outside a convenience store "over racist remarks Defendant Dorazo, Jr. made to three African-American men." (Compl., ¶ 36.)  At that time, Dorazo, Jr. voluntarily resigned from his position with the Township Public Works Department without discipline or an investigation, but was later rehired.  (Compl., ¶¶ 36-38.)  The Complaint also points out a September 20, 2005 investigation of Pomianek on allegations of fraud and falsifying his employment application; Pomianek apparently filed a retaliation suit, which Plaintiff alleges was settled for $13,500.  (Compl., ¶ 39.)

In addition, Plaintiff references an incident from late November or December of 2006, where Pomianek restrained Plaintiff and other African-American workers with bungie cords and then whipped them, but there was no disciplinary or corrective action taken, despite the report of the incident to Bob Tulino, the then supervisor of Pomianek. (Compl., ¶¶ 40-44.)  On April 4, 2007, Pomianek and Dorazo, Jr. ordered Plaintiff to enter a caged area suspended seventeen feet off the ground at a Public Works building to retrieve some equipment.  (Compl., ¶¶ 45-46.)  The two Defendants padlocked Plaintiff in the cage, allegedly taunting him with racial slurs, calling him a "monkey," and saying "you throw a banana in there and he goes right in." (Compl., ¶ 47.)

"On or about April 2, 2008, criminal charges were filed by Detective James P. Dougherty of the Gloucester Township Police Department against Defendants Pomianek and Dorazo, Jr. for, among other things, false imprisonment, bias intimidation, and harassment." (Compl., ¶¶ 53.)  On June 24, 2008, Pomianek and Dorazo, Jr. were suspended without pay pending the resolution of the criminal charges.  (Daily Aff., Ex. D.)  On December 9, 2010, Pomianek was found guilty of two counts of harassment, two

3

counts of bias intimidation, and one count of official misconduct. (Compl., ¶ 55.) He then resigned from his position as a driver with the Gloucester Township Public Works Department. (Compl., ¶¶ 56-57.) At the time the Complaint was filed, Dorazo, Jr. was awaiting trial on charges filed by the Camden County Prosecutor's Office of official misconduct, harassment, bias intimidation, and false imprisonment. (Compl., ¶ 59.)

Plaintiff has alleged that the Defendants "conspired to conceal the discriminatory, harassing and biased [sic] of Defendants Pomianek and Dorazo, Jr. thereby creating a hostile work environment and causing Mr. Brodie to continue to suffer shame, humiliation, and embarrassment." (Compl., ¶ 61.) "Even after and despite the arrests of Defendants Pomianek and Dorazo, Jr., the Township, the Township supervisors, and/or HRC took no disciplinary or corrective action against either Defendant Pomianek and Dorazo, Jr., or instituted no written formal policies or procedures governing discrimination, or mandated any training thereby causing Mr. Brodie to continue to suffer shame, humiliation and embarrassment." (Compl., ¶ 63.)

Accordingly, Plaintiff filed a thirteen-count Complaint. Count I alleges a civil rights claim against Gloucester Township for developing and maintaining "policies, practices and/or customs [including poor hiring, training, and supervision] exhibiting deliberate indifference to the constitutional rights of persons within Gloucester Township, which caused violations of Mr. Brodie's rights." (Compl., ¶ 77.) Count II alleges civil rights violations by all Defendants. Count III asserts a Fourteenth Amendment substantive due process claim against Pomianek and Dorazo, Jr. Count IV asserts a Fourteenth Amendment equal protection claim against Pomianek and Dorazo, Jr. Count V asserts a claim under 42 U.S.C. § 1981 against all Defendants. Count VI

4

asserts a claim of conspiracy to interfere with civil rights, prohibited by 42 U.S.C. §§ 1985 & 1986, against Pomianek and Dorazo, Jr.  Counts VII, VIII, and IX assert claims under the New Jersey Constitution.  Count X alleges false imprisonment under New Jersey common law.  Count XI alleges intentional infliction of emotional distress.  Count XII, misnumbered as XXIII, alleges negligent hiring.  Count XIII, misnumbered as XXIV, alleges negligence by Pomianek and Dorazo, Jr.

In defending the instant motion, Plaintiff states that the incidents referenced in the Complaint are merely "example[s] of the many infractions and discriminatory bad acts of Defendants Pomianek and Dorazo, Jr. that went unchecked by supervisors above them, including and up to the past and current Mayors." (Pl. Br., p. 3.)  Further, Plaintiff argues that the "Defendants' lack of any meaningful investigation or discipline of Defendants Pomianek and Dorazo, Jr. or changes throughout its subculture in the Public Works Department and throughout the Township employment in general created a hostile work environment that was allowed to continue." (Pl. Br., p. 10-11.)  Alternatively, in opposing Dorazo, Jr.'s motion, Plaintiff argues that "the statute of limitations did not begin to run until December 9, 2010 when co-defendant Pomianek was found guilty." (Pl. Br., p. 6.)

## Standard on a Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of a complaint based on "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When evaluating the plaintiff's claim, courts must accept the plaintiff's well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff.  Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).

5

While the plaintiff need only plead "a short and plain statement of the claim showing that the pleader is entitled to relief," the plaintiff's complaint must nevertheless plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Fed. R. Civ. P. 8(a)(2). Thus, a complaint must allege facts that "raise a right to relief above the speculative level." Id. at 555. The complaint must contain sufficient factual matter to demonstrate that the plaintiff's allegations are not merely possible, but plausible. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Summary Judgment Standard

"Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." Pearson v. Component Tech. Corp., 247 F.3d 471, 482 n.1 (3d Cir. 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322, (1986)); accord Fed. R. Civ. P. 56(a). The Court will enter summary judgment in favor of a movant who shows that it is entitled to judgment as a matter of law, and supports the showing that there is no genuine dispute as to any material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c) (1)(A).

An issue is "genuine" if supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id.; Maidenbaum v. Bally's Park Place, Inc., 870 F. Supp. 1254, 1258 (D.N.J. 1994). Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 256–57. "A nonmoving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs, 982 F.2d 884, 890 (3d Cir. 1992) (quoting Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991)). Indeed, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 322. That is, the movant can support the assertion that a fact cannot be genuinely disputed by showing that "an adverse party cannot produce admissible evidence to support the [alleged dispute of] fact." Fed. R. Civ. P. 56(c)(1)(B); accord Fed. R. Civ. P. 56(c)(2). In deciding the merits of a party's motion

7

for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. Credibility determinations are the province of the factfinder. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

42 U.S.C. § 1983

Plaintiff's Constitutional claims are governed by Title 42 U.S.C. § 1983, which provides a civil remedy against any person who, under color of state law, deprives another of rights protected by the United States Constitution.  See Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992). Any analysis of 42 U.S.C. § 1983 should begin with the language of the statute:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

See 42 U.S.C. § 1983.  As the above language makes clear, Section 1983 is a remedial statute designed to redress deprivations of rights secured by the Constitution and its subordinate federal laws.  See Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979).  By its own words, therefore, Section 1983 "does not . . . create substantive rights." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing McCollan).

To state a cognizable claim under Section 1983, a plaintiff must allege a "deprivation of a constitutional right and that the constitutional deprivation was caused by a person acting under the color of state law." Phillips v. County of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008) (citing Kneipp v. Teder, 95 F.3d 1199, 1204 (3d Cir. 1996)).

8

Thus, a plaintiff must demonstrate two essential elements to maintain a claim under § 1983: (1) that the plaintiff was deprived of a "right or privileges secured by the Constitution or the laws of the United States" and (2) that plaintiff was deprived of her rights by a person acting under the color of state law. Williams v. Borough of West Chester, Pa, 891 F.2d 458, 464 (3d Cir. 1989).

A municipality is not liable under 42 U.S.C. § 1983 on a respondeat superior theory. Monell v. Dept. Soc. Servs. of New York, 436 U.S. 658, 691 (1978). However, a government entity may be liable for its agent's actions upon a demonstration that a policy or custom of the municipality caused, or was a "moving force" behind, the alleged violation of Plaintiff's rights. Kentucky v. Graham, 473 U.S. 159, 166 (1985) (quoting Polk County v. Dodson, 454 U.S. 312, 326 (1981)); Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996). Thus, in order to prevail against the government entity, "[a] plaintiff must identify the challenged policy, attribute it to the city itself, and show a causal link between execution of the policy and the injury suffered." Losch v. Parkesburg, 736 F.2d 903, 910 (3d Cir. 1984). Further, a plaintiff must show that the municipality acted with "deliberate indifference" to the known policy or custom. Canton v. Harris, 489 U.S. 378, 388 (1989). "A showing of simple or even heightened negligence will not suffice." Board of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. at 397, 407 (1997).

## Discussion

Each of the motions before the Court argues that the statute of limitations has run on Plaintiff's claims.[2] It is not disputed that the statute of limitations on Plaintiff's

---

[2]In addition, David Mayer argues that any claims against him should be dismissed because he was not the Mayor of Gloucester Township at the time of any of the incidents complained of by Plaintiff, as he was not sworn in as mayor until early January of 2010.

section 1983 claims, as well as any claims under the New Jersey Constitution and State law, is two years.

Actions brought pursuant to 42 U.S.C. § 1983 or 1985 are subject to the statute of limitations applicable to personal injury claims in the state in which the claim arises. Wallace v. Kato, 549 U.S. 384, 387 (2007); Cito v. Bridgewater Township Police Dep't, 892 F.2d 23, 24 (3d Cir. 1989).[3]  Under New Jersey law, a personal injury claim must be brought within two years of the date of accrual.  N.J. Stat. Ann. § 2A:14-2. Thus, the statute of limitations for a section 1983 or 1985 claim in New Jersey is two years.  Cito, 892 F.2d 23.  Claims arising under New Jersey's State Constitution are also governed by a two year statute of limitations.  See Freeman v. State, 788 A.2d 867, 874 (N.J. Super. Ct. App. Div. 2002).  So, too, are claims alleging intentional infliction of emotional distress, see Maldonado v. Leeds, 865 A.2d 741, 745 (N.J. Super. Ct. App. Div. 2005) (citing N.J. Stat. Ann. § 2A:14-2), and claims alleging negligence such as negligent hiring or supervision, Lutzky v. Deutsche Bank Nat'l Trust Co., No. 09-cv-3886 (JAP), 2009 WL 3584330, at *4 (D.N.J. Oct. 27, 2009) (citing N.J. Stat. Ann. § 2A:14-2(a)).

Claims arising under 42 U.S.C. § 1981 are governed by a four-year statute of limitations.  McGovern v. City of Philadelphia, 554 F.3d 114, 116 (3d Cir. 2009).

---

The HRC and its members also argue that, based on the ordinance that created the HRC, a community commission that acts "in an advisory capacity to the Mayor and Township Council" with no authority over Township officials or employees, they did not owe any duty to Plaintiff.  Dorazo, Jr. argues that Plaintiff, as an employee of a municipality, is barred by the New Jersey Workers' Compensation Act from asserting a negligence claim. Finally, Defendants argue that Plaintiff's State law claims are barred by the New Jersey Tort Claims Act because Plaintiff failed to file a notice of tort claim.

[3]Insofar as Plaintiff intended to base his claims on 42 U.S.C. § 1986, the statute of limitations for such a claim is one year.  See Cito, 892 F.2d at 25.

However, the exclusive remedy for a private right of action against a State actor is 42 U.S.C. § 1983.  Id.  See also Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 733 (1989) (the exclusive federal remedy against state actors for the violation of rights guaranteed in section 1981 is 42 U.S.C. § 1983).  "[W]hile § 1981 creates *rights*, § 1983 provides the *remedy* to enforce those rights against state actors."  McGovern, 554 F.3d at 116 (emphasis in original).

"[A] claim accrues in a federal cause of action upon awareness of actual injury, not upon awareness that this injury constitutes a legal wrong."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1386 (3d Cir. 1994); Simone v. Narducci, 262 F. Supp. 2d 381, 387 (D.N.J. 2003) ("The statute of limitations begins to run when the plaintiff knows or reasonably should know of the injury that forms the basis of his action.").

"The continuing violations doctrine is an equitable exception to the timely filing requirement."  Cowell v. Palmer Township, 263 F.3d 286, 292 (3d Cir. 2001) (internal quotations omitted).  For the doctrine to apply, a plaintiff must initially establish that "the last act evidencing the continuing practice falls within the limitations period."  Id. "The focus of the continuing violations doctrine is on affirmative acts of the defendants." Id. at 293.  That is, "[a] continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation.'"  Id. (quoting Ocean Acres Ltd. v. Dare County Bd. of Health, 707 F.2d 103, 106 (4th Cir. 1983)).  See also Eidson v. State of Tennessee Dept. of Children's Services, 510 F.3d 631, 637 (6th Cir. 2007)(holding that plaintiffs' allegations of a failure to continue to conduct a thorough investigation failed to establish a continuing violation because "mere inaction is not enough to satisfy the doctrine").

11

Plaintiff has described incidents that occurred in November or December of 2006, and on April 4, 2007.  The claims asserted in his Complaint accrued at that time. The Complaint, however, was not filed until April 4, 2011.  Therefore, it is time-barred. Plaintiff has not alleged at least one specific, timely violation that would tend to bring his Complaint under the purview of the continuing violations doctrine.  Accordingly, the Complaint will be dismissed.

Conclusion

For these reasons,

IT IS ORDERED on this 1st day of February, 2012 that the motion to dismiss the Complaint filed by Defendants Gloucester Township, Cindy Rau-Hatton, David Mayer, Tom Cardis, Len Moffa, the Human Relations Commission of Gloucester Township, Denise Wolf, David McMurray, Mary Dorazo, Cheryl Spangle, Paulette Rappa, Eugene Lawrence, Steven Hirschbul, Shannon Morton, Virginia Varrell, and Shelley Lovett [26] is hereby GRANTED.

IT IS FURTHER ORDERED that the motion to dismiss the Complaint filed by Defendants Gabe Busa and Crystal Evans [27]  is hereby GRANTED.

IT IS FURTHER ORDERED that the motion to dismiss the Complaint filed by Defendant Michael Dorazo, Jr. [32] is hereby GRANTED.

IT IS FURTHER ORDERED that the motion for summary judgment filed by Defendant David T. Pomianek [45] is hereby GRANTED.

 /s/ Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ
U.S.D.J.