UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STEVEN BRODIE, JR. | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 11-1914 |
| v. | : | |
| GLOUCESTER TOWNSHIP; CINDY RAU-HATTON, Individually and in Her Official Capacity as Former Mayor; DAVID MAYER, Individually and in His Official Capacity as Mayor; TOM CARDIS, Individually and in His Official Capacity as Business Administrator; GABE BUSA, Individually and in His Official Capacity as Former Director of Public Works; LEN MOFFA, Individually and in His Official Capacity as Director of Public Works and Former Supervisor of Parks and Recreation; DENISE WOLF, Individually and in Her Capacity as a member of the Human Relations Commission; DAVID MCMURRAY, Individually and in His Capacity as a member of the Human Relations Commission; MARY DORAZO, Individually and in Her Capacity as a member of the Human Relations Commission; CHERYL SPANGLE, Individually and in Her Capacity as a member of the Human Relations Commission; PAULETTE RAPPA, Individually and in Her Capacity as a member of the Human Relations Commission; CRYSTAL EVANS, Individually and in Her Capacity as a member of the Human Relations Commission; EUGENE LAWRENCE, Individually and in His Capacity as a member of the Human Relations Commission; STEVEN HIRSCHBUL, Individually and in His Capacity as a member of the Human Relations Commission; SHANNON MORTON, Individually and in Her Capacity as a member of the Human Relations Commission; VIRGINIA VARRELL, Individually and in Her Capacity as a member of the Human Relations Commission; SHELLEY LOVETT, Individually and in Her Capacity as a member of the Human Relations Commission; HUMAN RELATIONS COMMISSION OF GLOUCESTER TOWNSHIP; DAVID T. POMIANEK, Individually and in His Capacity as Supervisor of Parks and Recreation; MICHAEL DORAZO, JR., Individually and in His Capacity as Supervisor of Parks and Recreation, | : : : : : : : : : : : : : : : : : | MEMORANDUM OPINION & ORDER |
| Defendants. | : | |

This matter is before the Court on motion of Plaintiff Steven Brodie, Jr. for an extension of time to file an appeal.

On February 1, 2012, this Court granted motions to dismiss the Complaint filed by Defendants Gloucester Township, Cindy Rau-Hatton, David Mayer, Tom Cardis, Len Moffa, the Human Relations Commission of Gloucester Township, Denise Wolf, David McMurray, Mary Dorazo, Cheryl Spangle (deceased), Paulette Rappa, Eugene Lawrence, Steven Hirschbul, Shannon Morton, Virginia Varrell, and Shelley Lovett [26], Gabe Busa and Crystal Evans [27], and Michael Dorazo, Jr. [32], and a motion for summary judgment filed by Defendant David T. Pomianek [45].  The Court found 42 U.S.C. § 1981 inapplicable to Plaintiff's claims, and found that the two-year statute of limitations on Plaintiff's section 1983 claims, as well as any claims under the New Jersey Constitution and State law, had run.  On March 30, 2012, Plaintiff filed the instant motion for an extension of time to file an appeal.  Defendants oppose the motion.

Federal Rule of Appellate Procedure 4(a)(1)(A) requires a party to file a Notice of Appeal within thirty days after the judgment or order appealed from is entered. Pursuant to Federal Rule of Appellate Procedure 4(a)(5), however, a party who files for an extension of the thirty day period must do so within thirty days of the expiration date and must demonstrate "excusable neglect" or "good cause."

"The standard for determining excusable neglect is 'a strict one' and . . . excusable neglect applies only to 'extraordinary cases where injustice would otherwise result.'" Consolidated Freightways Corp. v. Larson, 827 F.2d 916, 918 (3d Cir. 1987) (citing Advisory Committee Notes to 1966 amendment to Fed. R. Civ. P. 73, the predecessor of Fed. R. App. P. 4(a)).  The Third Circuit has also advised, however, that "the interest of

finality must be balanced against the need to allow justice to take its course, and not have it thwarted by some minute technical error." Id. at 920 (citing Smith v. Jackson Tool & Die, Inc., 426 F.2d 5, 8 (5th Cir. 1970)).  The court reasoned that the "finality doctrine and the rules governing timeliness of appeals exist to promote fairness, and to promote prompt notice of appeal thereby avoiding the prejudicial effect of reopening litigation which the opposing party had assumed was closed." Id.

  The United State Supreme Court also has provided guidance to district courts in determining the existence of excusable neglect.  Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993).  Although Pioneer Investment concerned excusable neglect pursuant to the Federal Rule of Bankruptcy Procedure 9006(b)(1), this Court has previously concluded that "the High Court intended the same factors to be applied in Federal Rule of Appellate Procedure 4(a)(5) cases as well." New Jersey Payphone Ass'n, Inc. v. West New York, 155 F. Supp. 2d 122, 124-25 (D.N.J. 2001). Therefore, this Court will focus its analysis on the factors enumerated both by the Supreme Court in Pioneer Investment and by the Third Circuit in Consolidated Freightways.

  The Supreme Court has concluded that "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv., 507 U.S. at 395.  Accordingly, the Court provided the following factors for consideration: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id.

The Third Circuit Court of Appeals has instructed that Rule 4(a)(5) allows for "a finding of excusable neglect in those instances where the Court, after weighing the relevant considerations is satisfied that counsel has exhibited substantial diligence, professional competence and has acted in good faith to conform his or her conduct in accordance with the rule, but as the result of some minor neglect, compliance was not achieved." Consolidated Freightways, 827 F.2d at 920.

Plaintiff here asserts that in or around mid-February of 2012, he "received information through a third party that there might be a problem with his case." (Pl. Br., p. 2.) Plaintiff has filed an Affidavit stating that his *pro hac vice* attorney, Dennis Young, Jr., had made assurances that the case would "really start to move" in March. (Brodie Aff., ¶ 2.) Then, Young allegedly "kept ducking [Plaintiff's] calls."[1] (Id.) On March 15, 2012, Young advised Plaintiff, via e-mail, "I attach the court's recent opinion in your case. Unfortunately, as you will see, the court found your claims barred by the statute of limitations. In short, we fought the good fight and knew it was an uphill battle. In the future, if you ever believe you are the subject of discrimination please contact me immediately and do not wait to move forward." A copy of the Court's February 1, 2012 decision was attached.

---

[1] Plaintiff contends he called Young on February 16, 2012 and then sent him a text asking Young to call him. Another text exchange on February 27 described apparently unrelated documents Plaintiff found for Young: "Brodie: 'Hi Dennis. I just wanted too [sic] let you know I printed out 3 new documents online 1 pomaniek's Appellate document. 2 Gabe Busa lawsuit document which he lost but is appealing. 3 And the Actual Camden County Statement that was released [too] the press after Pomanieks trial. I have copies for you if you need them.' Young: 'Ok, I've been very busy. Can you scan and email them to me?' 'Brodie: Sure you got it'." On February 29 and March 2, Plaintiff texted Young and asked Young to call him for some "news," stating "its [sic] gonna help us out BIG TIME."

On March 26, 2012, Plaintiff allegedly retained new counsel, William B. Hildebrand, who filed a substitution of attorney and the instant motion four days later. This motion, however, fails to establish excusable neglect for the failure to timely appeal. While the length of the delay may have been less than a month, the Defendants are entitled to finality in this matter, which originally was dismissed because it was filed outside of the statute of limitation. This is not a case where, "as the result of some minor neglect, compliance was not achieved." Consolidated Freightways, 827 F.2d at 920. Rather, Plaintiff's counsel had reasonable control over the ability to file a timely appeal, and elected not to do so. There would be no equity in requiring Defendants to continue to litigate a case dismissed due to statute of limitations problems just because new counsel seeks to recharacterize Plaintiff's original claims in an effort to make them timely.

Accordingly,

IT IS ORDERED this 30th day of May, 2012 that Plaintiff's motion for an extension of time to file an appeal [56] is hereby DENIED.

    /s/ Joseph H. Rodriguez  
JOSEPH H. RODRIGUEZ  
U.S.D.J.

5